**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD LOVELL HENDERSON,

      Plaintiff-Appellant,

v.

UNIVERSITY OF COLORADO AT
BOULDER,

      Defendant-Appellee.

No. 97-1339
(D.C. No. 94-N-2375)
(District of Colorado)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Richard Lovell Henderson seeks to appeal the dismissal of his action filed pro se against the University of Colorado claiming violations of "Title VII ARTICLE 42,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

SECTION 1983, SECTION 1988." The district court construed the complaint as having asserted separate claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1983 and 1988. The court dismissed the apparent Title VII claim on the basis Mr. Henderson did not aver an employment relationship with the University and the claims under §§ 1983 and 1988 because the University, as an arm of the State of Colorado, is not subject to suit under the Eleventh Amendment. The court also dismissed the claim for injunctive relief for failure to state a claim because Mr. Henderson refused to specify the relief he was seeking. After analysis of the voluminous record of countless documents whose filing can only be attributed to Mr. Henderson's prolixity and often misguided view of the law and procedure, we conclude the dismissals were proper.

On appeal, Mr. Henderson asserts the dismissal of his complaint based on Title VII jurisprudence was wrong because he did not set forth a "labor law" claim in the complaint. Although we see how his pleading confused the court, we will grant the validity of that assertion. Nonetheless, because the University of Colorado is plainly an arm of the State and no injunctive relief was sought, the remaining reasons for dismissal are sound.

The immunity of the University as an arm of the State of Colorado is without question. *Uberoi v. University of Colorado*, 713 P.2d 894, 897 (Colo. 1986); *Watson v. University of Utah Med. Ctr.,* 75 F.3d 569, 574-75 (10th Cir. 1996). Because the only

defendant named in the complaint is the University of Colorado, dismissal on immunity grounds was proper.

At a status conference, a transcript of which is part of the record before us, the magistrate judge to whom the matter had been referred tried in vain several times to have Mr. Henderson state exactly what injunctive relief he wished to obtain against the University. Mr. Henderson's answers were disjointed, largely indecipherable, and seemingly centered on his contention the magistrate judge had engaged in an "ex parte" communication with University counsel because the attorney had contacted the judge's chambers to obtain a setting date. A fair reading of this transcript and other pleadings in the files simply fails to disclose the allegation of any proper basis upon which an injunction could issue against the University. Moreover, in an objection filed to the magistrate judge's recommendation, Mr. Henderson contended he sought no such remedy. Under the circumstances, we agree with the district court that dismissal was proper.

The judgment is **AFFIRMED**. The application to proceed without payment of fees is **GRANTED**. The remaining motions filed by appellant are **DENIED** as moot.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge